# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**TIFFANY THOMAS**                                                                  **PLAINTIFF**

v.                                        No. 3:15-CV-00293-JTR

**CAROLYN W. COLVIN,**
Acting Commissioner,
**Social Security Administration**                                                  **DEFENDANT**

## ORDER AFFIRMING THE COMMISSIONER

On August 9, 2012 Tiffany Thomas ("Thomas") applied for social security disability benefits. (R. 132-143). After conducting a hearing (R. 24-36), the administrative law judge ("ALJ") entered a written decision denying benefits. (R. 9-18). The Appeals Council later denied her request for review (R. 1), thereby making the ALJ's decision the final decision of the Commissioner. Thomas has appealed that final decision to this Court.[1]

For the reasons explained below, this Court affirms the ALJ's decision.

**I.    The Commissioner's Decision**

The ALJ determined that Thomas: (1) had the severe mental impairment of avoidant personality traits, but no severe physical impairment; (2) had the physical residual functional capacity ("RFC") to perform work at all exertional levels; and (3) had the mental RFC to understand, remember, and carry out simple job instructions, make judgments in simple work situations, respond appropriately to

---

[1] The parties have consented to the jurisdiction of the United Stated Magistrate Judge.

co-workers and supervisors (though limited to occasional incidental contact not necessary for the job), have no contact with the general public on the job, and respond appropriately to minor changes in the work routine. (R. 12, 14).

Because Thomas had no past relevant work, the ALJ heard testimony from a vocational expert, who opined jobs existed in the national economy that Thomas could perform, including positions such as warehouse worker or clean-up worker. (R. 17-18). Therefore, the ALJ concluded that Thomas was not disabled. (R. 18).

## II. Discussion

Thomas maintains that the ALJ's decision is not supported by substantial evidence. Specifically, she contends that the ALJ failed to fully and fairly develop the record. Thomas argues that she has documented mental impairments that required the ALJ to send her for another consultative examination to establish her mental functional abilities.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the

> Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

"The ALJ . . . may order consultative evaluations only if the available evidence does not provide an adequate basis for determining the merits of the disability claim." *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004). The "ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision." *Kamann v. Colvin*, 721 F.3d 945, 950 (8th Cir. 2013) (quoting *Naber v. Shalala*, 22 F.3d 186, 189 (8th Cir. 1994)).

Thomas has not challenged the ALJ's determination of her physical RFC. The record regarding Thomas's nonexertional limitations provides little support for her claim that the ALJ was obligated to order a second consultative examination to further evaluate her mental limitations. Importantly, the record contains no treatment history for any mental impairments. During a consultative physical exam by a family medicine doctor, he found no limitations in Thomas's physical abilities but noted that he believed Thomas had a learning disability and questioned her intelligence. (R. 257). He also questioned whether autism was a "possibility" for Thomas. (R. 254). All of these opinions were reached during the doctor's

physical examination of Thomas, and there is no indication he performed any objective mental testing or what, if any, specific training he has in devining his patients' intelligence quotient or hazarding a guess about whether they were autistic. Thomas relies on this subjective opinion from a family medicine doctor who saw her one time for a consultative physical exam to support her argument that the ALJ was required to order a second consultative exam to establish her mental practical abilities.

On October 22, 2012, Thomas was seen for a consultative psychological evaluation by Samuel B. Hester, Ph. D. Dr. Hester's mental diagnostic evaluation did not find any mental impairments, but noted that Thomas exhibited avoidant personality traits. (R. 259-267). In an earlier initial assessment, an independent psychological examiner noted that Thomas seemed to exhibit "below average to average intelligence," (R. 250), which was consistent with a notation by one of her former high school teachers, who observed problems in Thomas's ability to understand and participate in class discussions; provide organized oral explanations and adequate descriptions; express ideas in written form; and apply problem solving skills. (R. 212).

Despite the challenges noted by one of her teachers, Thomas graduated high school with a cumulative grade point average of 2.8475 and a class rank of 14 out

of 43.[2] (R. 209). The independent psychological examiner noted strengths in reading comprehension, problem solving ability, and arithmetic. (R. 250). Thomas expressed to the psychological examiner a strong love of reading. (R. 186, 190, 249-250).

On balance, the evidence cannot reasonably be interpreted to indicate that Thomas has a mental impairment that required the ALJ to order a second consultative psychological evaluation. The only suggestion that Thomas has any existing mental impairment comes from the family medicine doctor who performed her physical examination and made the passing remark (without citing any tests or other medical evidence) that he believed Thomas had a learning disability and *possibly* autism. Those speculative observations are in sharp conflict with the opinions of the clinical psychologist consultant who performed Thomas's mental evaluation and the independent psychological examiner who met with Thomas. Finally, Thomas has no history of treatment for or diagnosis of any mental impairments or any related sequelae that might be deemed to constitute a severe impairment, and her academic record in high school suggests she possesses average intelligence. Accordingly, substantial evidence supports the ALJ's decision that Thomas has the physical RFC and the mental RFC to engage in substantial gainful activity.

---

[2]  While she was in special education classes in elementary school, Thomas attended regular classes throughout high school. (R. 248).

## III. Conclusion

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477. The Court has reviewed the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing. The Court concludes that the record as a whole contains ample evidence that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Court further concludes that the ALJ's decision is not based on legal error.

It is so ordered this 31st day of August, 2016.

_____
UNITED STATES MAGISTRATE JUDGE